## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BOBBY G. JOE** | * |
| **22 Hobart Court** | |
| **Randallstown, MD 21133** | * |
| | |
|     *Plaintiff,* | * |
| | |
| **v.** | *     **Civ. Action No.: 1:16-cv-3686** |
| | |
| **H. WAYNE NORMAN, JR., P.A.** | * |
| **808 South Main Street** | |
| **Bel Air, Maryland 21014** | * |
| | |
|     **Serve on:** | * |
| | |
|     **H. Wayne Norman, Jr.** | * |
|     **539 Rock Spring Ave.** | |
|     **Bel Air, MD 21014** | * |
| | |
|     *Defendant.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Bobby G. Joe ("Mr. Joe") by and through undersigned counsel and for his Complaint against H. Wayne Norman, Jr., P.A., alleges and states as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

2.    The Plaintiff alleges that the collection practices of Defendant violate the FDCPA in its illegal efforts to collect a consumer debt. These collection practices include falsely stating the character, amount, and legal status of an alleged $45,291.34

debt.

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

4.     The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5.     The FDCPA is a strict liability statute that provides for actual or statutory

damages, upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

6.     The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp.2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

## JURISDICTION AND VENUE

7.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.     Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiff resides within the District of Maryland.

## PARTIES

9.     Plaintiff Bobby G. Joe is an individual who is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as he is a natural person allegedly obligated to pay any debt, in this case, a balance allegedly owed to American Design and Build, Ltd. for services and materials relating to an alleged contract for the installation of solar panels on his home.

10.     H. Wayne Norman, Jr., P.A., is a corporation that engages in the practice of law and the practice of debt collection in the state of Maryland. H. Wayne Norman, Jr., P.A is not licensed as a debt collector in Maryland.

11.     At all relevant times, H. Wayne Norman, Jr., P.A. acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff to another. H. Wayne Norman, Jr., P.A. regularly collects or attempts to collect, directly or indirectly, debts asserted to be owed or due another, and uses the United States Mail in furtherance of its collection of debts alleged to be due another. H. Wayne Norman, Jr.'s online "Attorney Profile" boasts, "Wayne's practice includes a wide variety of legal areas, including his debt collection practice, which is recognized as one of the best in Harford and Maryland."[1] Additionally, the "Collections Clients" page on Defendant's website states:

> Our firm handles all types of collections cases. Whether your invoice is 30

---

[1] Available at http://harfordlaw.com/index_files/Page548.htm (accessed November 5, 2016).

days, 60 days, or 2 years past due, it's time the agreement is honored. After our free initial consultation, you can retain our services to send collection letters, file law suits, find missing debtors, take post-judgment measures, set up, maintain, and process payment arrangements, and, when necessary, garnish wages, bank accounts, and other assets.

Once you retain our office, all you need to do is turn your file over to us, show up to court if necessary, and tell us where to send the check once the debtor starts paying on that old bill![2]

### **FACTUAL ALLEGATIONS**

12.    On July 1, 2016, the Plaintiff signed a Customer Agreement with American Design and Build, Ltd. ("Design and Build") for the purchase and installation of solar panels on the Plaintiff's home. The Customer Agreement indicated in handwritten print that the total amount owed was $33,977.00, and the terms were "1 yr same as cash," and "20 year @ 5.99%." The amount allegedly due pursuant to this contract will hereinafter be referred to as "the subject debt."

13.    On or about July 10, 2016, the Plaintiff received a Retail Installment Contract from Greensky Financial indicating that the amount he would end up paying on the solar panel contract was actually $60,408.00. Because the Plaintiff was not aware that he would need to enter into a financing contract with a third party and had not previously been provided any disclosure setting forth the terms and effect of the proposed financing, he cancelled the Greensky Financial contract within one (1) day of receiving it. GreenSky Financial honored his cancellation request and mailed him a letter on July 23, 2016, stating that his account was closed.

---

[2]    Available at http://harfordlaw.com/index_files/Page800.htm (accessed November 5, 2016).

14.    When a Design and Build representative visited the Plaintiff's home to perform a visual inspection for the purpose of ordering materials, the Plaintiff informed the representative that he had cancelled his solar panel contract.

15.    The Plaintiff cancelled his contract promptly upon receiving the entire contract, and before any work was performed pursuant to the contract.

16.    Nonetheless, on September 19, 2016, Defendant mailed the Plaintiff a collection letter demanding payment of $45,291.34. Of this amount, Defendant claimed the entire contract amount of $33,977.00 was due and owing, as well as an outrageous extra amount of $11,314.34 for "costs of collection."

17.    Plaintiff mailed a Cease and Desist and Demand for Verification letter to the Defendant on October 6, 2016, stating that he disputed owing any obligation to Design and Build, and demanding that Defendant verify the alleged debt and retain evidence related to the alleged debt.

18.    On October 25, 2016, the Defendant mailed the Plaintiff a response to Plaintiff's Cease and Desist and Demand for Verification letter. Defendant briefly alleged that the Plaintiff's had not properly cancelled the contract but then verified the debt as $4,947.00 for alleged "actual hard costs and a lost profit" and $989.40 for attorneys' fees—much less than the $45,291.34 Defendant demanded just over one month earlier.

19.    Next, the Defendant stated, "AS [*sic.*] to your request for documentation, I have attached a copy of the District Court Complaint. I believe it is self explanatory."

20.    Defendant's verification also included a type written description of time

allegedly spent performing tasks pursuant to the contract, and referenced several "costs incurred" without supporting documentation to establish that any costs were incurred.

21.     The subject debt is a "debt" as defined in 15 U.S.C. § 1692a(5) in that it arose out of a transaction in which the property that is the subject of the transaction was used primarily for personal, family, or household purposes.

22.     Defendant has attempted to collect the subject debt by engaging in "communications" as defined in 15 U.S.C. § 1692a(2) of the FDCPA.

23.     The conduct of Defendant H. Wayne Norman, Jr., P.A. violates the FDCPA at 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692f, 1692f(1), and 1692g which provide:

§ 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(2) The false representation of --

(A) the character, amount, or legal status of any debt . . .

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney

§ 1692f. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee,

charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

§ 1692g. Validation of debts

(b) Disputed debts: If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

24.     As a result of the Defendant's acts, the Plaintiff suffered from emotional distress, stress, anger and frustration. The acts of the Defendant have also caused Mr. Joe to lose a great deal of sleep. Additionally, the conduct of the Defendant has caused disagreements between the Plaintiff and his wife, placing a strain on Plaintiff's marriage.

## COUNT I
## Violation of the Fair Debt Collection Practices Act

25.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

26.     Upon information and belief, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), as it allegedly arose out of a transaction for money, service or property that was primarily for personal, family and/or household purposes.

27.     In its attempts to collect the subject debt the Defendant materially violated FDCPA § 1692e(3) by sending the September 19, 2016, letter without conducting a meaningful review of Plaintiff's account. Although there is no dispute that Defendant is a law firm or that the letter was sent by Defendant's employees or agents, some degree of attorney involvement is required before a communication can be considered to actually be "from an attorney" within the meaning of the FDCPA. On information and belief, the September 19, 2016, collection letter was prepared with such speed and carelessness that no independent judgment could be found to have been exercised by an attorney.

28.     In its attempts to collect the subject debt the Defendant materially violated FDCPA § 1692e and 1692e(2) because they falsely represented the amount of the subject debt by mailing the Plaintiff demands for payment of a balance that was inflated by at least $39,354.95.

29.     In its attempts to collect the subject debt the Defendant materially violated FDCPA § 1692f and 1692f(1) by attempting to collect a balance that was inflated by at least $39,354.95.

30.     In its attempt to collect the subject debt, Defendant H. Wayne Norman, Jr., P.A. also materially violated FDCPA § 1692g by failing to properly validate the subject debt upon Plaintiff's timely request, and continuing to attempt to collect a disputed yet

9

unsubstantiated debt. Specifically there was no documentary support for an alleged "Second Site Survey," in which the creditor claimed to have spent 4 hours at the Plaintiff's home doing the following: "Conduct an in depth site survey of home checking existing structure, roof condition, electrical, and full measurements of the entire structure on both the roof and the ground, develop full material list and go over system design with homeowner." This site visit never occurred, and Defendant's verification of debt did not include and documents suggesting otherwise. Defendant also sought a $165 fee for "permitting" relating to the pulling of electrical and building permits from county records, but did not include any receipt for payment or copies of such permits. Several of the fees charged reference a "permit application," which was also not included in Defendant's validation of debt.

31.     As a direct consequence of H. Wayne Norman, Jr., P.A.'s acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress, anger and frustration.

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendant, as follows:

a.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount in excess of $75,000.00;

b.     Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2) (A);

c.     Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code Ann., Com. Law § 13-408; and

      d.      For such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Dated: November 10, 2016      Respectfully Submitted,

      */s/  E. David Hoskins*
      E. David Hoskins, Esq., No. 06705
      THE LAW OFFICES OF E. DAVID HOSKINS, LLC
      16 East Lombard Street, Suite 400
      Baltimore, Maryland 21202
      (410) 662-6500 (Tel.)
      *davidhoskins@hoskinslaw.com*

      */s/ Doris N. Weil*
      Doris N. Weil , Esq., No. 19679
      THE LAW OFFICES OF E. DAVID HOSKINS, LLC
      16 East Lombard Street, Suite 400
      Baltimore, Maryland 21202
      (410) 662-6500 (Tel.)
      dorisweil@hoskinslaw.com